In re GRADE CROSSING COM'RS OF CITY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department.   April 28, 1915.)

In the matter of the application of the Grade Crossing Commissioners of the City of Buffalo for the appointment of appraisers to ascertain compensation to be paid to property owners claiming to be injured by a change of grade; such compensation claimed to be owned by Frank V. E. Bardol and others.   From an order confirming an award of $30,000, an appeal is taken.   Affirmed.

See, also, 151 N. Y. Supp. 1119.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

PER CURIAM.   Order affirmed, with costs.

FOOTE, J.   I dissent, and vote for reversal, on the ground that the award of $30,000 to the Barber Asphalt Paving Company as owner of parcel No. 5 is excessive.   This parcel consists of 26.67 acres, and has a frontage on Fillmore avenue of 1,250 feet, on East Delevan avenue of 661.3 feet, and on the right of way of the belt line of the New York Central Railroad of 1,352.42 feet.   The improvement consists in the elevation of the railroad tracks and the depression of East Delevan avenue where it crosses these tracks, to do away with the crossing at grade.   The depression of the street grade begins 295 feet back from the railroad, and increases in depth until, at the line of the railroad right of way, it is about 10 feet.   Retaining walls are built from the railroad right of way back for about 175 feet, and the roadway is narrowed some 12 feet.   There was before the improvement a driveway into the property from East Delevan avenue near the railroad crossing.   The improvement necessitated making a new driveway to take its place, beginning at a point in the street some 295 feet back from the railroad near the beginning of the street depression, and, as now built, extending toward the railroad along and near the street front until it joins the old driveway.   None of the Barber Asphalt Paving Company's property has actually been taken for the improvement.   The damages caused by the change of grade of the street over 295 feet of the 661 feet frontage of this property on East Delevan avenue are consequential only, and in such case the benefits derived by the property from the improvement should be set off against such consequential damages, and properly so in a case like this, where the property is not assessed to pay the cost of the improvement.   Newman v. Metropolitan Elevated Ry. Co., 118 N. Y. 618, 23 N. E. 901, 7 L. R. A. 289;  Bohm v. Metropolitan Elevated Ry. Co., 129 N. Y. 576, 29 N. E. 802, 14 L. R. A. 344;  Matter of City of New York, 190 N. Y. 350, 83 N. E. 299, 16 L. R. A. (N. S.) 355.

That the abolition of this railroad grade crossing is a decided benefit to this 26-acre tract of land is manifest.   It is such a benefit as would have justified an assessment upon the property for part of the expense of the improvement, if the statute had so provided.   It renders access to and egress from the property by way of East Delevan avenue much

safer, and does away with annoying delays due to blocking the crossing by railroad cars. I know of no statute which prevents the commissioners in this case from taking into account the benefits derived by the property from the improvement, and none has been called to our attention. Some 12 to 15 acres of this tract has been used by the owner as a stone quarry, and a considerable part of it has been excavated to a depth of 50 feet. This part of the property, it is conceded, has not been injured by the depression in the street, which lies wholly opposite the unexcavated part, which extends from East Develan avenue, along and adjoining the railroad right of way, some 1,300 feet. On this unexcavated part of the property the company has several buildings used in its asphalt paving business. It has no building, however, near East Delevan avenue. It cannot be successfully contended that any part of this 26-acre tract is injured by the depression of East Delevan avenue to abolish the railroad grade crossing, except that part immediately adjoining East Delevan avenue, where the depression has been made; that is to say, a piece 295 feet in width on East Delevan avenue adjoining the railroad, and extending back to a depth of not more than 300 feet. Unless streets are to be opened to subdivide this property, it will, of course, be necessary to have a driveway into the property from East Delevan avenue; but it will occupy no more ground in one place than in another, and it can be so placed as to occupy the ground least valuable for other uses, and can be changed from time to time at no great expense. It is not claimed that the owner of this property has sustained any actual damage up to the present time, except for the expense of making the new driveway into the property. The amount of this expense was not shown.

I think the award was clearly excessive, and should not be sustained.

MERRELL, J., concurs.